UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE WILSON,

    Plaintiff,                    Case No. 2:15-cv-13409

v.                               HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS [18],
ADOPTING REPORT AND RECOMMENDATION [17],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

The Commissioner of the Social Security Administration denied the application of Tyrone Wilson for Supplemental Security Income benefits in a decision issued by an Administrative Law Judge ("ALJ"). *See* AR 11–24, ECF No. 8-2. After the Social Security Appeals Council declined to review the ruling, Wilson appealed. The Court referred the matter to Magistrate Judge Elizabeth A. Stafford, and the parties filed cross-motions for summary judgment. *See* Mots. Summ. J., ECF Nos. 15, 16. The magistrate judge issued a Report recommending that the Court deny Wilson's motion and grant the Commissioner's motion. Report, ECF No. 17. Wilson's timely objections followed; the Commissioner filed no response.

**BACKGROUND**

The Report properly details the events giving rise to Wilson's action against the Commissioner. Report 2–5, ECF No. 17. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. The standard of review depends on whether a party files objections. A district court need not review portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). If the parties "serve and file specific written objections to the proposed findings and recommendations," however, the Court must review the report de novo. Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a denial of social security benefits under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept it as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). In addition, an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (quotations omitted).

**DISCUSSION**

Wilson raises two objections to the Report: (1) the ALJ's adverse credibility determination ignored evidence of Wilson's inability to pay for pain medication and improperly relied on the opinion of a non-treating, non-examining physician; and (2) the ALJ ignored the fact that Wilson was in need of medical treatment at the time of his hearing. Obj., ECF No. 18.

I.   <u>Adverse Credibility Determination</u>

Wilson argues that the Report and the ALJ failed to consider that Wilson did not have access to drugs or medical treatment until March 2014, when his insurance company began to pay benefits related to his injury. *See* AR 253–67, ECF No. 8-7. But an ALJ need not directly address each piece of evidence in the record. *Kornecky*, 167 F. App'x at 507–08. Rather, an ALJ may resolve evidentiary conflicts implicitly. *See id.* In addition, an ALJ's credibiility determination "must find support in the record." *Rogers*, 486 F.3d at 247. The Court will not disturb an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Here, the ALJ noted that Wilson had been prescribed pain medications in the past, and—at the time of the March 6, 2014 hearing—Wilson was not taking any pain medications. AR 20, ECF No. 8-2. Contrary to Wilson's assertion, the ALJ did consider Wilson's claim that he could not afford pain medication. In the decision, the ALJ implicitly accepted Wilson's claim of financial limitations as true, and noted that he had not sought low-cost or sliding-scale payment options, or gone to the emergency room for pain treatment. *Id.* The ALJ properly concluded that Wilson's failure to seek treatment from these other sources undermined his credibility. *See Bradley v. Sec'y HHS*, 862 F.2d 1224,

1227 (6th Cir. 1988) (affirming ALJ's adverse credibility determination based on claimant's failure to seek pain treatment); *Houston v. Comm'r of Soc. Sec.*, No. 14-14426, 2015 WL 5752720, at *21–22 (E.D. Mich. Aug. 25, 2015), *report and recommendation adopted*, No. 14-14426, 2015 WL 5729079 (E.D. Mich. Sept. 30, 2015) (holding that an ALJ may make an adverse credibility determination based on indigent claimant's failure to pursue low-cost treatment).

Wilson also contends that the Report and the ALJ improperly relied on credibility determinations from non-treating, non-examining medical providers. His argument is unavailing because it relies on an inaccurate characterization of the ALJ's decision. The ALJ did not rely on credibility determinations from the non-examining sources. Rather, the ALJ conducted a thorough and detailed analysis of the medical opinions of each physician, weighed the opinions based on a variety of factors including consistency with the medical record, and compared the medical opinions to Wilson's testimony. The ALJ documented numerous inconsistencies between Wilson's testimony and the medical opinions, his medical records, his work history, and his daily activities. AR 18–22, ECF No. 8-2. Wilson has not shown—and the Court does not find—a compelling reason to disturb the ALJ's credibility determination. Accordingly, the Court will overrule the objection.

II. <u>Wilson's Need For Medical Treatment</u>

Wilson submits that the Report should have recommended a remand because he was in need of medical treatment for his leg and knee at the time of the hearing. Obj., ECF No. 18. In support, Wilson points to Dr. Monson's conclusion that Wilson needed additional treatment for his leg and knee. *Id.* But the ALJ considered and directly addressed Dr. Monson's opinion. Specifically, the ALJ noted that Mr. Monson opined that Wilson would

continue to experience "residual pain and stiffness in the claimant's left leg[.]" AR 22, ECF No. 8-2. Moreover, Wilson offers nothing to explain how additional medical treatment would affect the record before the ALJ, or lead to a different conclusion on remand. As a result, the Court will overrule the objection.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Wilson's objections [18] are **OVERRULED**, and the magistrate judge's Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Wilson's Motion for Summary Judgment [15] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: February 23, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager